## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GARY DAMATO,
      Petitioner,

      v.

MURPHY,
      Respondent.

No. 3:14-cv-01100 (JAM)

### RULING AND ORDER

Petitioner is currently incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2004 conviction in Connecticut state court for inciting injury, attempt to assault a prosecutor and attempted murder. For the reasons set forth below, the case is transferred to the Court of Appeals for the Second Circuit.

On September 30, 2004, in the Connecticut Superior Court for the Judicial District of Hartford, a jury found petitioner guilty of inciting injury to persons in violation of Connecticut General Statutes § 53a-179a(a), attempted assault on a prosecutor in violation of Connecticut General Statutes §§ 53a-49(a)(2) and 53a-167d(a) and attempted murder in violation of Connecticut General Statutes §§ 53a-49(a)(2) and 53a-54a. A judge sentenced petitioner to 21 years of imprisonment. *See State v. Damato*, 105 Conn. App. 335, 337–38, 937 A.2d 1232 (2008).

On January 22, 2008, the Connecticut Appellate Court affirmed the conviction. *See id.* at 361. On April 21, 2008, the Connecticut Supreme Court denied petitioner's request for certification to appeal the decision of the Appellate Court. *See State v. Damato*, 286 Conn. 920, 949 A.2d 481 (2008).

In December 2005, petitioner filed his first habeas petition in state court challenging his 2004 conviction on the ground of ineffective assistance at trial. On September 20, 2007, a judge denied the petition. *See Damato v. Warden, State Prison*, 2007 WL 2938382 (Conn. Super. Ct. Sept. 20, 2007). Petitioner appealed this decision. The appeal remains pending at the Connecticut Appellate Court.

Petitioner filed an additional 15 state habeas petitions challenging his 2004 conviction, several of which remain pending in Connecticut Superior Court.[1]

On June 5, 2008, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court challenging his 2004 conviction. Petitioner raised the same claims that he had raised on direct appeal of his 2004 conviction. On August 12, 2009, Judge Underhill denied the petition on the merits. *See Damato v. Murphy*, 641 F. Supp. 2d 143 (D. Conn. 2009). Petitioner appealed the denial of the habeas petition. On March 8, 2010, November 19, 2010 and December 29, 2010, the Second Circuit dismissed petitioner's appeals of the ruling denying the habeas petition.

Petitioner filed the present federal habeas petition on July 30, 2014. On September 26, 2014, the Court granted petitioner's application to proceed *in forma pauperis*.

Petitioner now challenges his 2004 conviction on three grounds. Those grounds include ineffective assistance of trial counsel and ineffective assistance of habeas counsel. *See* Doc. #1 at 24, 26 and 40. Because petitioner has filed a prior petition for writ of habeas corpus in this Court

---

[1]The Second Circuit has held that district courts may properly take judicial notice of docket sheets in other court cases. *See Mangifico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (finding no error in district court's reliance on a docket sheet in another case because "docket sheets are public records of which the court could take judicial notice") (citation omitted). Accordingly, the Court takes judicial notice of the docket sheets in petitioner's Connecticut habeas petitions, which may be accessed by entering the dockets numbers, TSR-CV-07-4001639, TSR-CV-08-4002644S, TSR-CV-08-4002645S, TSR-CV-08-4002691S, TSR-CV-09-4002814S, TSR-CV-09-4003080S, TSR-CV-10-4003694S, TSR-CV-11-4003869S, TSR-CV-11-4004091S, TSR-CV-11-4004092S, TSR-CV-12-4004949S, TSR-CV-13-4005546S, TSR-CV-13-4005634S, TSR-CV-13-4005635S, TSR-CV-14-4006334S, on the following website:

and because the Court has denied the petition on the merits, the Court has no power to entertain a second or successive section § 2254 petition unless the Second Circuit authorizes it to do so. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003) (noting that second or successive habeas corpus petition should be transferred to the court of appeals by the district court rather than decided on the merits).

### Conclusion

In accordance with the requirements of 28 U.S.C. § 2244 and pursuant to 28 U.S.C. § 1631, the Clerk is directed to transfer this case to the United States Court of Appeals for the Second Circuit for consideration whether the claims raised in this petition should be considered by this Court.

It is so ordered.

Dated at Bridgeport this 22nd day of December 2014.

/s/ _____
Jeffrey Alker Meyer
United States District Judge

http://civilinquiry.jud.ct.gov/GetDocket.aspx.